PROB 12C
(6/16)

Report Date: January 3, 2022

# United States District Court

for the

Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | Thomas Curtis Collum, Sr. | Case Number: | 0980 2:08CR00137-WFN-41 |

Address of Offender:                           Newport, Washington 99156

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: April 14, 2010

Original Offense:         Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, 21 U.S.C. §§ 846 and 841(a)(1)

Original Sentence:        Prison - 121 months;                Type of Supervision: Supervised Release
                          TSR - 60 months

Revocation Sentence       Prison - 6 months;
(March 4, 2021)           TSR - 36 months

Asst. U.S. Attorney:      Earl A. Hicks                       Date Supervision Commenced: August 20, 2021

Defense Attorney:         Federal Defender's Office           Date Supervision Expires: August 19, 2024

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance

1 | **Special Condition #4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged Mr. Collum violated his conditions of supervised release by failing to appear for urinalysis testing as directed on or about November 29, 2021.

On August 26, 2021, the conditions of supervision were reviewed with Mr. Collum. He signed his revocation judgment acknowledging an understanding of his conditions of supervision, including special condition number 4.

On November 29, 2021, Mr. Collum was directed by the undersigned officer to report for urinalysis testing at Pioneer Human Services. Mr. Collum failed to appear as directed.

Prob12C
Re: Collum, Thomas Curtis
January 3, 2022
Page 2

| | | |
|---|---|---|
| 2 | | **Mandatory Condition #3**: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer. |

**Supporting Evidence**: It is alleged Mr. Collum violated his conditions of supervised release by using methamphetamine on or about November 24, and December 10, 2021.

On August 26, 2021, the conditions of supervision were reviewed with Mr. Collum. He signed his revocation judgment acknowledging an understanding of his conditions of supervision, including mandatory condition number 3.

On December 2, 2021, Mr. Collum reported to the probation office as directed to submit to urinalysis testing. Mr. Collum admitted via written statement that he consumed methamphetamine on or around November 24, 2021.

On December 10, 2021, Mr. Collum reported to the probation office to submit to urinalysis testing. The urine sample tested presumptive positive for methamphetamine. Mr. Collum denied any additional use of illicit drugs and stated that because he has an enlarged prostate, methamphetamine will stay in his urine longer. The urine sample was sent to the lab for further testing and the lab confirmed a positive test for methamphetamine

3    **Special Condition #4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances

**Supporting Evidence**: It is alleged Mr. Collum violated his conditions of supervised release by stalling on a urinalysis test on December 9, 2021.

On August 26, 2021, the conditions of supervision were reviewed with Mr. Collum. He signed his revocation judgment acknowledging an understanding of his conditions of supervision, including special condition number 4.

On December 9, 2021, Mr. Collum reported to the probation office around 4 p.m. to submit to urinalysis testing as directed. Multiple attempts to submit to urinalysis testing were unsuccessful. He was directed to return to the probation office the next day.

4    **Mandatory Condition #3**: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

**Supporting Evidence**: It is alleged Mr. Collum violated his conditions of supervised release by using marijuana on or about November 24, 2021

On August 26, 2021, the conditions of supervision were reviewed with Mr. Collum. He signed his revocation judgment acknowledging an understanding of his conditions of supervision, including mandatory condition number 3.

Prob12C  
Re: Collum, Thomas Curtis  
January 3, 2022  
Page 3

On December 2, 2021, Mr. Collum reported to the probation office as directed to submit to urinalysis testing. Mr. Collum admitted via written statement that he consumed marijuana on or around November 24, 2021.

5   **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances

**Supporting Evidence**: It is alleged Mr. Collum violated his conditions of supervised release by providing an invalid urine sample at Pioneer Human Services on or about November 12, 2021.

On August 26, 2021, the conditions of supervision were reviewed with Mr. Collum. He signed his revocation judgment acknowledging an understanding of his conditions of supervision, including special condition number 4. In addition, he signed the substance abuse testing instructions acknowledging that he is not to alter the sample in order to pass a urinalysis test.

On November 12, 2021, Mr. Collum reported to Pioneer Human Services to report for urinalysis testing. The urine sample was sent to the lab for further testing and on November 23, 2021, the lab concluded that the sample was "substituted, not consistent with human urine." Mr. Collum denied altering the urine sample or using a device to defeat the urinalysis test.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 01/03/2022

s/Corey M. McCain

Corey M. McCain  
U.S. Probation Officer

THE COURT ORDERS  
[ ] No Action  
[ ] The Issuance of a Warrant  
[X] The Issuance of a Summons  
[ ] Other

Signature of Judicial Officer

01/04/2022  
Date