FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 25, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS CURTIS COLLUM, Sr.,<br><br>Defendants. | Nos. 2:08-CR-00137-WFN-41<br><br>ORDER FOLLOWING<br>DETENTION REVIEW HEARING<br><br>**MOTION DENIED AS MOOT**<br>**(ECF NO. 3118)**<br><br>**MOTION DENIED**<br>**(ECF No. 3119)** |

On July 12, 2023, the Court held a detention review hearing to consider Defendant THOMAS CURTIS COLLUM SR.'s Amended Motion to Modify Conditions of Release, **ECF No. 3119**. Defendant appeared while in custody with court appointed counsel David Miller. Assistant U.S. Attorney Earl Hicks represented the United States. U.S. Probation Officer Erik Carlson was also present.

Defendant consented to the proceedings being conducted by video with the Court presiding in Yakima, Defendant and his counsel appearing in Spokane, and the Government appearing in Spokane.

Specifically, Defendant sought **a temporary furlough to American Behavioral Health Systems (ABHS), an inpatient substance abuse treatment facility,** to avail himself of inpatient substance abuse treatment. The United States

ORDER - 1

opposed Defendant's release plan and U.S. Probation had no position and deferred to the Court.

Defendant, through counsel, presented a proposed release plan to inpatient substance abuse treatment and argued there are conditions that justify reconsidering the issues of detention and that such conditions will reasonably assure Defendant's appearance as required and/or safety of any other person and the community.

The United States argued there are no conditions which justify reconsidering the issue of detention and there are no conditions that can be imposed which will reasonably assure Defendant's appearance as required and/or safety of any other person and the community.

"[Federal Rule of Criminal Procedure] 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." Fed.R.Crim.P. 46(d). Pursuant to the Rule, the Court may release or detain a defendant pursuant to 18 U.S.C. § 3143(a) pending further proceedings. Fed.R.Crim.P. 32.1(a)(6). Defendant bears the burden of establishing by clear and convincing evidence that Defendant is not a risk of flight or a danger to any other person or the community. *Id.; see also* 18 U.S.C. § 3143(a).

Here, the Government proffered the following: Defendant was initially contacted in relation to the arrest warrant in this case at a medical facility in 2022. Defendant then agreed to turn himself in the next day to allow him to finish his medical appointment. Defendant, however, did not turn himself into custody the next day for execution of the arrest warrant. The U.S. Marshals then eventually contacted Defendant at his residence on September 30, 2022. During that contact, Defendant did not respond to numerous "call outs" from law enforcement. Law enforcement officers ultimately breached the door to Defendant's residence and

ORDER - 2

arrested Defendant. During the arrest of Defendant, law enforcement officers discovered a firearm at Defendant's residence—the firearm that forms the basis for the Indictment in the related case, *United States v. Thomas Curtis Collum Sr.*, No. 2:22-CR-00168-WFN-1. Based on the foregoing and for the reasons stated during the hearing, the Court finds that Defendant has failed to establish by clear and convincing evidence both that he does not pose a risk of nonappearance and that he does not pose a danger to the community if released on furlough pending the revocation hearing. *See* Fed. R. Crim. P. 32.1(a)(6); 46(d); 18 U.S.C. 3143(a).

**IT IS ORDERED:**

1. Defendant's Amended Motion to Modify Conditions of Release, **ECF No. 3119,** is **DENIED**. Defendant shall be held in detention pending disposition of this case or until further order of the Court.

2. Defendant's Motion to Modify Conditions of Release, **ECF No. 3118**, is **DENIED as MOOT**.

3. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

4. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

5. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f) and/or 18 U.S.C. § 3143, any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing

ORDER - 3

is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

6. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel.  LCrR 46(k)(1).  The party shall then promptly file a motion for review before the assigned District Judge.  LCrR 46(k)(3).  If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge.  *Id*.

**IT IS SO ORDERED.**

DATED July 25, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4